IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIO SANCHEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 09 C 2289 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| TERRY L. MCCANN, VENITA F. WRIGHT, ) | |
| AMI WORKMAN, SALVADOR ) | |
| RODRIGUEZ, and OFFICER TURNER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* state prisoner Julio Sanchez sues Stateville Correctional Center former Warden Terry L. McCann, Assistant Warden Venita F. Wright, Grievance Officer Ami Workman, Internal Affairs Officer Salvador Rodriguez, and "Officer Turner"[1] under 42 U.S.C. § 1983. He alleges denial of due process during drug testing and disciplinary proceedings, and cruel and unusual conditions of confinement. Defendants move to dismiss for failure to state a claim. For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following facts are derived from Sanchez's complaint. During drug testing, Rodriguez provided Sanchez an open test cup for a urine sample. Sec. Am. Compl. at 6 ¶ 3. According to the Sanchez, the test registered a false positive for marijuana. *Id.* at 7 ¶¶ 5-6.

---

[1] Turner has not been served, and does not join the motion to dismiss. On its own motion, the court issues a rule against Sanchez to show cause why Turner should not be dismissed as a defendant. Fed. R. Civ. P. 4(m).

Sanchez was issued a disciplinary report. *Id.* at 8 ¶ 13. Sanchez's request for a second test was denied. *Id.* at 7 ¶ 7. Sanchez wrote McCann and requested a blood test; Sanchez received no reply. *Id.* at 8 ¶ 11. Two disciplinary hearings were held; Sanchez attended only the first hearing. *Id.* at 9-10 ¶¶ 14-22. The prison adjustment committee found Sanchez guilty of the disciplinary infraction, and sentenced Sanchez to six months of segregation. *Id.* at 10 ¶ 22. He grieved the drug testing procedure; Workman denied the grievance. *Id.* at 9 ¶ 19 and Ex. G-2. Sanchez filed a second grievance regarding the disciplinary hearing. *Id.* at 10 ¶ 23. The grievance was never addressed despite Sanchez's written requests to McCann, Wright, and Workman. *Id.* at 10-11 ¶¶ 23-24.

While in segregation, Sanchez allegedly was subjected to improper trash disposal; unsanitary toilet facilities; lack of cleaning supplies; extreme exposure to rodents, insects, and spiders; undercoats of lead paint on the walls; and rust on the window bars, bed rails, and heater. *Id.* at 11 ¶¶ 25-33 and Exhs. J and K. The unsanitary conditions caused Sanchez to contract a fungus on his body. *Id.* at 11 ¶ 34. Sanchez filed two grievances about the conditions, but received no response. *Id.* at 12 ¶¶ 35-36 and Exhs. J and K.

## DISCUSSION

### I. Legal Standards

A motion to dismiss may challenge the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, all well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint need only provide a short and plain statement giving defendants fair notice of the nature and basis of each claim. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *Tamayo*, 526 F.3d at 1081; Fed. R. Civ. P. 8(a)(2). This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp.*, 550 U.S. at 555. Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Id.* at 555, 569; *Tamayo*, 526 F.3d at 1083. *Pro se* pleadings are liberally construed. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

## II. Procedural Due Process

Defendants argue Sanchez fails to state a procedural due process claim because Sanchez's six-month segregation sentence did not extend his remaining prison term. According to defendants, disciplinary segregation does not create a protected liberty interest unless it protracts the prisoner's sentence, citing *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995) (prisoner's 30-day segregation sentence did not implicate liberty interest because the segregation was not an atypical, significant deprivation, and did not extend the prisoner's sentence); *Lekas v. Briley*, 405 F.3d 602, 612-14 (7th Cir. 2005) (prisoner's 90-day segregation sentence did not constitute an atypical and significant hardship).

Defendants inexplicably fail to cite *Marion v. Columbia Correctional Institution*, 559 F.3d 693 (7th Cir. 2009). State prisoner Marion sued prison officials under § 1983 for denying him due process protections during a disciplinary hearing that resulted in eight months of disciplinary segregation. The district court dismissed the complaint for failure to state a claim because the discipline did not increase his sentence, and placement in disciplinary segregation alone does not constitute atypical and significant hardship. The Seventh Circuit found the length of the segregation – eight months – warranted reversal and remand for fact finding regarding the

3

conditions of Marion's segregation. *Id.* at 698-99. Sanchez was sentenced to a comparable segregation term – six months; in addition, he pleads conditions of his confinement in segregation were inhumane. Dismissal of his procedural due process claim on the undeveloped record, without a determination of whether Sanchez's segregation constitutes atypical and significant hardship, is premature.

Defendants contest Sanchez's claim he was not present at the second disciplinary hearing; they contend a second hearing never occurred. The court must accept Sanchez's allegation as true in resolving the motion to dismiss. Resolution of a contested factual dispute at this procedural juncture is not permissible. Defendants contend Sanchez's § 1983 damages claim for deprivation of due process is barred by *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997), and *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because success on the claim would necessarily imply the invalidity of his disciplinary conviction and sentence, and Sanchez does not demonstrate the conviction and sentence have been invalidated. The issue may not be resolved because the record does not establish the ultimate resolution of Sanchez's challenge to the disciplinary segregation. Sanchez's procedural due process claim stands.

### III. Conditions of Confinement

Defendants argue Sanchez fails to state a claim for cruel and unusual conditions of confinement because the alleged deprivations are not objectively extreme, and did not pose a risk of imminent harm to Sanchez. Prison conditions violate the eighth amendment only when they objectively fail to meet contemporary requirements of minimal decency. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the eighth amendment's prohibition on cruel and unusual

4

punishment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official acts with deliberate indifference when he knows of and disregards a substantial risk of serious harm to an inmate. *Id.* at 837.

Assuming the truth of the allegations and drawing all reasonable inferences in Sanchez's favor, he sufficiently states an eighth amendment claim for unsanitary living conditions (improper trash disposal, unsanitary toilet facilities, and lack of cleaning supplies) (*Barbosa v. McCann*, No. 08 C 5012, 2009 WL 2913488, at *4 (N.D. Ill. Sept. 8, 2009) (Pallmeyer, J.)); and extreme exposure to rodents, insects, and spiders (*Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996)). Sanchez's claims of lead paint undercoats on the walls and rust in his cell, however, are not the kind of deprivation of basic human needs redressable under the eighth amendment. *Walker v. Dart*, No. 09 C 1752, 2010 WL 669448, at *3 (N.D. Ill. Feb. 19, 2010) (Andersen, J.); *Jones v. Mitchell*, No. 93 C 405, 1994 WL 517202, at *3-4 (N.D. Ill. Sept. 20, 1994) (Moran, J.).

## IV.  Personal Involvement

Defendants contend Sanchez has not sufficiently pled their personal involvement. To state a § 1983 claim against defendants, Sanchez must allege they caused or participated in the alleged constitutional deprivations. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996). Sanchez sufficiently alleges defendants' personal involvement in depriving him of procedural due process claim. He claims Rodriguez administered the faulty drug test, and that his grievance regarding the disciplinary hearing was never addressed despite his written requests to McCann, Wright, and Workman. Sec. Am. Compl. at 6 ¶ 3; 10-11 ¶¶ 23-24. Prison officials may be liable for failing to respond to grievances regarding violations of prisoners' constitutional rights. *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996).

Sanchez sufficiently alleges McCann, Wright, and Workman's personal involvement in the conditions-of-confinement claim. Dismissal of a *pro se* complaint on grounds of lack of active personal involvement is inappropriate when the official's position justifies an inference the official had some direct involvement in an alleged potentially systematic violation. *Antonelli*, 81 F.3d at 1428-29. As warden and assistant warden, respectively, a reasonable inference may be drawn that McCann and Wright were involved in allegedly inhumane conditions of confinement in the segregation unit. Sanchez allegedly filed two grievances about the conditions of segregation, but received no response. Sec. Am. Compl. at 12 ¶¶ 35-36 and Exhs. J and K. Workman was a grievance officer; a reasonable inference may be drawn that he was involved in the alleged constitutional deprivation. Sanchez, however, does not allege Rodriguez's involvement in the eighth amendment claim.

## CONCLUSION

Defendants' motion to dismiss is granted in part and denied in part. Dismissal of the procedural due process claim on the undeveloped record is premature. The alleged unsanitary living conditions and extreme exposure to rodents, insects, and spiders state an eighth amendment violation claim. The alleged lead paint undercoats on the wall and rust in the cell fail to state an eighth amendment violation claim. Sanchez sufficiently pleads defendants' personal involvement in the procedural due process claim. He sufficiently pleads McCann, Wright, and Workman's, but not Rodriguez's, personal involvement in the eighth amendment claim. A rule is issued against Sanchez to show cause why defendant "Officer Turner" should not be dismissed for failure to serve. Fed. R. Civ. P. 4(m).

ENTER:

*Suzanne B. Conlon* (signature)
Suzanne B. Conlon
United States District Judge

April 2, 2010